UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| WENDY DEAN, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| vs. | )    CASE NO. CV-05-755-W |
| | ) |
| MARKET SQUARE SHOPPING | ) |
| CENTER, INC., | ) |
| | ) |
|     Defendant | ) |

## ANSWER AND AFFIRMATIVE DEFENSES

COMES now the Defendant in the above styled matter, by and through counsel, and in answer to the Plaintiff's Complaint states as follows:

1. The Defendant admits that venue and jurisdiction in this matter are correct.

2. The Defendant does not have sufficient knowledge to admit or deny whether or not the Plaintiff suffers from a "qualified disability" to the extent that she is qualified under the American Disability Act.

3. The Defendant admits that the Defendant is properly named.

4. The Defendant denies that the Plaintiff has been unable to or continues to be unable to enjoy access to benefits offered by the Defendant's shopping center and demands strict proof thereof.

5. The Defendant would assert the affirmative defense that this shopping center was constructed prior to the passage of the American Disability Act and is exempt from the guidelines in new construction requirements of the American Disability Act. As defined under said Act, as an existing facility, it is subject only to the requirement that the owner make reasonable modification for readily achievable barrier removals. The Defendant contends that said modifications of achievable barrier removals have been conducted and undertaken by this Defendant after the purchase of said shopping center. Further, the handicap accessibility was increased and improved to an achievable standard.

6. The Defendant contends that the Plaintiff has not made any requested modifications wherein she requested changes of the Defendant's premises in order to achieve access to any alleged inaccessible areas prior to this lawsuit.

7. In response to paragraph 11 of the Plaintiff's Complaint, Defendant denies the allegations contained therein and demands strict proof thereof.

8. Defendant would deny that Plaintiff is entitled to any attorney's fees and costs in this matter and demands strict proof thereof.

9. Defendant would deny that Plaintiff is entitled to any injunctive relief and demands strict proof thereof.

10. Defendant affirmatively pleads the limitations of actions as the Plaintiff has failed to plead that she has been on the Defendant's premises within the statutory timeframes.

Submitted this the 20th day of September 2005.

s/ Banks T. Smith
BANKS T. SMITH (SMI 101)
HALL, SMITH, PRIM & FREEMAN, P.A.
P.O. Box 1748
Dothan, Alabama 36302
Tel: 334-793-3610
Fax: 334-671-1843
Email: bsmith@hallsmith.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been delivered via Electronic Mail to the following persons this the 20th day of September 2005:

Edward L. Zwilling, Esq.
Schwartz, Zweben & Slingbaum, LLP
300 Office Park Drive
Suite 217
Birmingham, AL 35223

s/ Banks T. Smith
BANKS T. SMITH